PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1998 Ford Escort struck a hole as she was driving on Wilson Lane in Elkins, Randolph County. Wilson Lane is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on May 16, 2007. Wilson Lane is a paved, two-lane road with a center line and edge lines. The speed limit is fifteen miles per hour. Claimant testified that she was driving on Wilson Lane at less than fifteen miles per hour when her vehicle struck a hole located in the center of the road. Claimant was unable to avoid the hole due to oncoming traffic. Claimant testified that the hole had existed on the road for approximately one month before her *74 vehicle struck it. As a result of this incident, claimant’s vehicle sustained damage to its tire in the amount of $57.19.
The position of the respondent is that it did not have actual or constructive notice of the condition on Wilson Lane. Raymond W. Yeager, Highway Administrator for respondent in Randolph County, testified that he is familiar with the area where claimant’s incident occurred. He testified that Wilson Lane is a HARP road, which means that it was incorporated into the state’s system. Unfortunately, according to Mr. Lane, respondent has limited materials available to perform maintenance on HARP roads. Mr. Yeager further stated that Wilson Lane is a third priority road in terms of its maintenance. Prior to May 16,2007, respondent did not receive complaints regarding the condition of Wilson Lane.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The hole’s location in the center of the road leads the Court to conclude that respondent had notice of this hazard. Thus, the Court finds respondent negligent and claimant may malee a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $57.19.
Award of $57.19.